**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL ARIAS VALDEZ, | No. 09-73599 |
| Petitioner, | Agency No. A091-557-790 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Manuel Arias Valdez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's removal order. Our jurisdiction is governed by 8

U.S.C. § 1252. We review for substantial evidence the agency's findings of fact

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding of inadmissibility based on Arias Valdez's attempt to gain admission to the United States by presenting what he knew to be an invalid green card. *See* 8 U.S.C. § 1182(a)(6)(C)(i) ("Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure . . . admission into the United States . . . is inadmissible.").

The BIA correctly determined that Arias Valdez was ineligible for cancellation of removal under 8 U.S.C. § 1229b(a) because his status as a lawful permanent resident ("LPR") was terminated when he was ordered removed in 1999. *See* 8 C.F.R. § 1001.1(p) (LPR status terminates upon entry of a final order of removal); *Padilla-Romero v. Holder*, 611 F.3d 1011, 1013 (9th Cir. 2010) (per curiam) (an alien who has lost his LPR status is ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)).

The BIA correctly determined that Arias Valdez was not prejudiced by his former counsel's failure to file a brief on appeal where Arias Valdez filed a timely pro se brief after requesting that his counsel be permitted to withdraw. *See Mohammed*, 400 F.3d at 793. Arias Valdez fails to address, and therefore has waived any challenge to, the BIA's determinations that former counsel did not fail

to appear at the removal hearing on Arias Valdez's behalf, and that Arias Valdez was not prejudiced by counsel's advice concerning his cancellation claim. *See Ghahremani v. Gonzales*, 498 F.3d 993, 997-98 (9th Cir. 2007) (issues not addressed in an opening brief are deemed waived). We lack jurisdiction to consider Arias Valdez's other claims of ineffective assistance of counsel because he did not exhaust them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

We lack jurisdiction to consider Arias Valdez's challenges to his 1999 removal order because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

Arias Valdez's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**